**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JIMMY KENNEDY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED NATIONS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 5:26 CV 1920<br><br>JUDGE JOHN R. ADAMS<br><br><br>MEMORANDUM OF OPINION AND ORDER |

*Pro se* Plaintiff Jimmy Kennedy filed this action against the United Nations. His Complaint is incomprehensible. In its entirety, it states, "I need $ 900,000,000.00 back from United Nation [sic] because U.N. give money to business man and ask money back U.N. want to give to Jimmy Kennedy because it's Jimmy money." (Doc. No. 1 at PageID #: 4). There are no coherent factual allegations and no indication of a legal claim Plaintiff may be asserting.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). That Application is granted.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v.*

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.

In reviewing a Complaint, the Court generally must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998). The Court, however, is given discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The case at bar undoubtedly presents just such a Complaint. Federal Civil Procedure Rule 8 requires a Plaintiff to submit a short, plain and concise statement of his or her claims and relief. To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National*

*Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The Complaint in this case appears to be delusional. It does not contain a coherent statement of fact, a decipherable legal claim, or a plausible request for relief.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted, and this action is dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED. Date:

October 9, 2026

_/s/ *John R. Adams*________
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.